IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NSCO LLC d/b/a Need Supply Co., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>Colby_Exon LLC, §<br>§<br>and §<br>§<br>Ryan Scanlon, §<br>§<br>Defendants. §<br>§ | Civil Action No. <u>3:16cv848</u><br><br><u>JURY DEMAND</u> |

## **COMPLAINT**

Plaintiff, NSCO LLC d/b/a Need Supply Co. ("Plaintiff"), brings this action against

Defendants Colby_Exon LLC ("CEL") and Ryan Scanlon ("SCANLON") (together,

"Defendants").  Plaintiff alleges, upon actual knowledge with respect to itself and its own acts,

and upon information and belief as to all other matters as follows:

## **NATURE OF THE ACTION**

1.     This is an action for trademark infringement under 15 U.S.C. § 1114(1),

trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. §

1125(a), trademark infringement under Va. Code Ann. § 59.1, *et. seq.*, common law trademark

infringement and unfair competition, and violation of the Anti-Cybersquatting Consumer

Protection Act under 15 U.S.C. § 1125(d).

2.     For over fifteen years, Plaintiff has been promoting and selling men's and

women's clothing and accessories via its retail store[1] as well as its e-commerce website under the

---

[1] Under an appropriate license, Plaintiff's affiliate Need Supply, LLC ("NSC") operates Plaintiff's retail store which opened in 1999.  Plaintiff and NSC are collectively referred to herein as "Need."

mark NEED SUPPLY CO., which is registered on the Principal Register of the United States

Patent and Trademark Office ("USPTO"). Plaintiff and its Marks (defined below) have become

well-known through extensive advertising to consumers and designers, commercial success, and

unsolicited media coverage, among other reasons. Plaintiff brings this lawsuit to protect its

rights in the face of the Defendants' unauthorized use of the trademark "NEEDessentials" to

promote Defendants' clothing, accessories, and website. If not enjoined from using

"NEEDessentials," Defendants' clothing, accessories, and website are likely to cause consumer

confusion with the Mark. If not enjoined, Defendants' attempt to benefit from Plaintiff's

commercial success poses imminent and irreparable harm to both Plaintiff and the public.

## THE PARTIES

3.      Plaintiff is a limited liability company organized in Virginia with its principal

place of business in Richmond, Virginia. Plaintiff operates an e-commerce website using the

NEED SUPPLY CO. trademark that curates and sells certain high-end clothing and accessories.

In addition, Plaintiff further projects its brand by licensing its rights in the NEED SUPPLY CO.

mark and related marks to its affiliate, NSC, which operates a brick-and-mortar store that sells

clothing and accessories for women and men.

4.      Upon information and belief, CEL is a Delaware limited liability company with a

principal place of business at 5832 E. 2nd Street, Long Beach, California 90803. CEL does

business in this Judicial District, including through the provision of an interactive e-commerce

website engaged in the transaction of business in Virginia. Service may be effected upon CEL

through service of its attorney Mr. Mitch Milstein of Auctus Law Partners, located at 425 30th

Street, Suite 14, Newport Beach, California  92663, or CEL's registered agent.

5.      Upon information and belief, SCANLON is an Australian individual with an address at 8 Winki Way, Torquay, Victoria 3228, Australia.  Service may be effected upon SCANLON through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

## JURISDICTION AND VENUE

6.      The United States District Court for the Eastern District of Virginia has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1331(a) in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States, namely, under the trademark laws of the United States, 15 U.S.C. § 1051, *et. seq*.  This action involves federal trademark rights and federal Lanham Act violations.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)(3) and (c)(3).

## FACTS COMMON TO ALL CLAIMS

### *Need's Trademarks*

8.      NSC opened its retail clothing store, "Need Supply Co.," in 1999 in Richmond, Virginia and is now a leader in the marketing, promotion, and sale of well-designed and well-constructed clothing and accessories.

9.      In 2008, to capitalize on the growing capabilities of the Internet in the promotion and sale of clothing and accessories, and to project its brand to an expanding audience, Plaintiff launched an e-commerce website at www.needsupply.com to sell clothing and accessories ("the Website"), still focusing on unique and well-made items.

10.     The Website, in addition to selling clothing and accessories, also curates specific items in order to highlight particular individuals, emphasize certain trends, or communicate Need's interest in a particular product, experience, or area of the world.

11.     Need has emerged not just as a mere "fashion" retailer marketing and selling stylish clothing and accessories, but Need has become a refuge for those seeking relief from department stores, "fast fashion" outlets, and typical branded products.  Need offers consumers information on design, aesthetics, and travel, conveyed through rich photography and alluring commentary.   Need's portfolio of marks have now become the "NEED" brand, conveying style, design, and innovation for those consumers seeking an alternative to products from "mainstream" clothing and accessories retailers.  Through its efforts, Need and the Marks (defined below) have garnered substantial unsolicited publicity and are widely-recognized and well-regarded for their success.

12.     Need owns the following federal trademark registrations and pending applications on the USPTO's Principal Register for the marks listed below (the "Marks"):

| Mark | Application or Registration No. | Date of Application or Registration | Goods or Services |
|------|--------------------------------|-------------------------------------|-------------------|
| NEED | 4,882,167 | Date of Registration: January 5, 2016 | IC 25: Clothing, namely, men's and women's pants, shorts, shirts, t-shirts, dresses, skirts, sweaters, jackets, coats, and hats |
| NEED | 86/835,551 | Date of Application: December 1, 2015 | IC 35: Computerized on-line ordering featuring men's and women's clothing, jewelry and beauty products, retail clothing store services |

| Mark | Application or Registration No. | Date of Application or Registration | Goods or Services |
|---|---|---|---|
| NEED | 86/835,511 | Date of Application: December 1, 2015 | IC 25: Men's and women's shoes |
| NEED SUPPLY CO. | 4,616,942 | Date of Registration: October 7, 2014 | IC 35: Computerized on-line ordering featuring men's and women's clothing, jewelry, and beauty products |
| NEED SUPPLY CO. | 2,322,498 | Date of Registration: February 22, 2000 | IC 35: Retail clothing store services |
| NEED SUPPLY CO. | 86/836,938 | Date of Application: December 2, 2015 | IC 25: Men's and women's shoes |
| NEED SUPPLY CO. | 86/739,653 | Date of Application: August 25, 2015 | IC 25: Clothing, namely, men's and women's pants, shorts, shirts, t-shirts, dresses, skirts, sweaters, jackets, coats and hats |

True and accurate copies of the Certificates of Registration for the registrations above and records from the USPTO's Trademark Electronic Search System for the applications above are attached as Exhibit A.

13.     Need is not aware of any third party trademark registrations covering the Marks as used to promote the retail sale of clothing and accessories, or the computerized online ordering of clothing and accessories.  Moreover, Defendants' use of the Marks notwithstanding, Need is not aware of any third parties promoting the retail or online sales of clothing and accessories using the formative "Need."

14.     The federal trademark registrations listed above are *prima facie* evidence of Need's ownership and validity of the Marks.  Registration No. 2,322,498 is valid and

incontestable and constitutes conclusive evidence of Need's ownership as well as the validity of the mark.

### *Need's Advertising and Promotion*

15.     Need relies upon a numerous array of mediums to promote the Marks and its products, including but not limited to, a vast social media presence, in-store events, and a lifestyle journal.  The following examples demonstrate Need's strong online presence and promotional efforts:





16.     The Marks have been the subject of numerous, independent and unsolicited references in print and electronic media.  In these references, fashion commentators and journalists connect the Marks with unique and sought-after clothing and accessories.

17.     Many consumers refer to the Marks simply as "Need."  The following includes representative, yet non-exhaustive samples of consumers referring to the Marks in this manner:

I'm a CA shopper and bought something on NEED that I was hoping would get to me before some holiday travel…Always been impressed with their commitment to good clothes and design and now am a fan of their customer service (especially in shopping crazy times like this!) I'll be back. [Yelp!, December 2, 2014]

But thanks to the reach of the internet, the rapid rise in online shopping, and a team of forward-thinking, graphically-inclined buyers and builders, Need has gone from small-town shop to a major online retail destination. Thanks internet! [Racked, May 1, 2014]

18.     Need has invested substantial time, effort, and resources in developing and maintaining the Marks and building the "Need" brand, and Need has used the Marks and now the "Need Brand" consistently in marketing and promoting its products and services since at least 1999.  As a result, the Marks possess enormous value to Need.

19.     Moreover, as a result of Need's efforts, the Marks have become some of the most recognizable brands in the clothing and accessories industry and the public has come to associate "Need" as symbolizing the goodwill inherent in the Marks.

### *Defendants' Wrongful Acts*

20.     Defendants promote and market themselves as "NEEDessentials" ("the Infringing Mark"), and also operate and promote the websites located at www.needessentials.com  and www.needessentialsusa.com ("the Sites").  Examples of these Sites are below:







21.     SCANLON began his "NEEDessentials" business in Australia and CEL is SCANLON's licensee in the United States ("US").

22.     Defendants' manner of use for the Infringing Mark places emphasis on the word "NEED" thereby contributing to the risk of consumer confusion.

23.     At the Sites, Defendants use the Infringing Mark to promote clothing and accessories, including to consumers in the US.

24.     The Infringing Mark shares the dominant and distinctive element "NEED" with the Marks, and Defendants promote products that are highly similar to Need's products, namely

clothing and accessories, and Defendants share the same channels of trade—website promotion—as Need depicts below:

***Need's Advertising***







## *Defendants' Advertising*







25.     On July 11, 2016, Need filed extensions of time to oppose the CEL Applications

with the Trademark Trial and Appeal Board after learning that CEL had filed two US

applications in the USPTO, namely Application Serial Nos. 86/890,544 and 86/897,841 ("the

CEL Applications"), that had published for opposition.  *Please see* <u>Exhibit B</u> attached (copies

from the USPTO record regarding the CEL Applications).

26.     On July 14, 2016, Need issued a cease and desist letter to CEL ("the Letter")

demanding that CEL cease using the Infringing Mark due to a likelihood of consumer confusion.

27.     On July 20, 2016 counsel for CEL responded to the Letter, inquiring about the

opportunity to pursue a "business resolution," and requested that Need file an extension of time

to oppose the CEL Applications so that the parties could pursue potential resolution of the

matter.

28.     On or about the same time, Need learned of SCANLON's application for NEED

ESSENTIALS in Australia ("the Australian Application).  The Australian application

incorporates a design element which emphasizes the word "Need" as depicted

herein: 

29.     Need initiated opposition proceedings against the Australian Application in the Australian IP Office.

30.     On March 16, 2016, SCANLON filed a US application for its NEED ESSENTIALS and Design mark on the basis of his Australian Application pursuant to the Madrid Protocol which is currently pending before the USPTO.  *See* NEED ESSENTIALS and Design Application Serial No. 79/188,643 attached at <u>Exhibit C</u> ("the SCANLON Application").

31.     CEL refuses to cease using the Infringing Mark and also refuses to restrict the goods in the CEL Applications or as used in commerce.

32.     Defendants' continued unauthorized use of the Marks to promote and sell highly similar products and identical services--despite Defendants' knowledge of Need's ownership of the Marks--demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of the Marks and to cause confusion, deception, and mistake in the minds of the public, creating great and irreparable injury to Need. Accordingly, Need brings this action to rectify the harm Defendants have already caused and to prevent their causing further harm.

## COUNT I

### INFRINGEMENT OF A REGISTERED TRADEMARK

33.     Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

34.     Without authorization from Plaintiff, Defendants are using in interstate commerce an infringing imitation of Plaintiff's trademark in connection with clothing, accessories, and the operation of a website promoting and selling the same.

35. Defendants' conduct is likely to have caused and will continue to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of Defendants' products and services.

36. Defendants' conduct is a willful and intentional violation of Plaintiff's senior trademark rights.

37. Defendants' conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114.

## COUNT II

## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN

38. Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

39. Because of Defendants' efforts to associate its infringing websites with the goodwill and reputation of Plaintiff's "NEED" name and brand, consumers are falsely led to believe that Defendants' websites are associated with, endorsed, sponsored, or otherwise approved by, Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have acted intentionally to create confusion in the minds of consumers between themselves and Need.

40. The foregoing acts and conduct by Defendants constitute false designation of origin in connection with products and services distributed and sold in interstate commerce, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

41.     Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

42.     By reason of Plaintiff's continuous and longstanding use of the Marks, as well as the inherent distinctiveness of the Marks, consumers associate and recognize the Marks as representing a single source or sponsor of products and services, and therefore Plaintiff's trademark is protectable at common law.

43.     Plaintiff owns and enjoys common law trademark rights in the "NEED" trademark, and these rights are superior to any rights that Defendants may claim in and to "need" with respect to Defendants' products and services.  Plaintiff's trademark is inherently distinctive and has acquired secondary meaning with the trade and consuming public, such that Plaintiff's trademark is associated with Plaintiff.

44.     Defendants' use of the Infringing Mark in connection with the advertising, marketing, and promotion of the Sites as well as their products is likely to cause confusion as to the source of Defendants' products and services, in that consumers will likely associate or have associated such products and services as originating with Plaintiff, all to the detriment of Plaintiff.

45.     By reason of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of Plaintiff's trademarks, unless and until Defendants are enjoined from continuing their wrongful acts.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

46.     Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

47.     The Marks are distinctive of Plaintiff's products and services, and the public has come to recognize the Marks as identifying Plaintiff as the source of well-made clothing and accessories.

48.     In view of the association by the public of the Marks with Plaintiff and its products and services, Defendants' use of "NEED" to promote the Sites and to promote and sell clothing and accessories is bound to cause confusion, mistake, and deception amongst the relevant public as to whether Defendants' products and services emanate from, or are licensed or approved by, Plaintiff.

49.     Defendants' conduct complained of herein constitutes common law unfair competition.  Said conduct has damaged and will continue to irreparably damage Plaintiff's valuable goodwill unless enjoined by this court.

## COUNT V

## VIOLATION OF VA. CODE ANN. § 59.1-92.12

50.     Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

51.     Without authorization from Plaintiff, Defendants are using an infringing imitation of Plaintiff's federally registered trademarks in connection with the operation of websites and the promotion and sale of clothing and accessories within the Commonwealth of Virginia.

52.     Defendants' use of the Infringing Mark is likely to cause consumer confusion and mistake as to the source and origin of Defendants' website and Defendants' products and services.

53.     Plaintiff has been and is being damaged by said acts of Defendants.

## COUNT VI

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

54.     Need realleges and incorporates herein each and every allegation set forth in the foregoing paragraphs as fully set forth herein.

55.     The domain names www.needessentials.com and www.needessentialsusa.com ("Infringing Domains") are confusingly similar to the Marks and to Plaintiff's domain name, www.needsupply.com.

56.     Defendants registered and used the Infringing Domains with the bad faith intent of causing harm to Plaintiff and its brand and of profiting unlawfully from the Marks by using the Marks to call attention to the Infringing Domains, thereby increasing sales and revenue for Defendants.

57.     Defendants registered and used the Infringing Domains and the Sites with the intent to confuse consumers and divert them from Need's online location to Defendants' websites accessible through the Infringing Domains, with the bad faith intent to harm Plaintiff's goodwill and to profit from the Marks by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the Infringing Domains and the Sites.

58.     Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

59.     Defendants' unauthorized registration and use of the Infringing Domains has caused and unless enjoined, will continue to cause, irreparable harm to Need, and to the goodwill associated with the Marks and Need's domain names.

60.     Because Defendants' infringing conduct has caused and is likely to cause substantial injury to the public and to Need, Need is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Defendants' trebled profits, together with Need's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

(1)     that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

a.     doing any act or thing likely to induce the belief that Defendants' products and services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff;

b.     using any signs and other indicia on Defendants' advertising and promotional materials that use the Marks, whether in print or electronic form;

c.     operating a website or retail store using the name NEED (alone or with any other term or terms);

d.     using NEED in any manner in any media, including in any social media outlet, to advertise, promote, or sell e-commerce services or clothing and accessories; and

e.     using the NEED mark or other marks that are deceptively similar to the Marks in connection with a website or as metatags, domain names, other computer addresses,

invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of NEED with Defendants.

(2)     that Defendants are further ordered:

a.     to actively and immediately undertake, via search engine optimization or other means, to remove all references to the www.needessentials.com and www.needessentialssusa.com websites and business from the Internet; and

b.     to immediately withdraw and abandon the CEL Applications and the SCANLON Application currently pending in the USPTO.

(3)     that Defendants, in accordance with 15 U.S.C. §1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

(4)     that Plaintiff recover its actual damages sustained as a result of Defendants' wrongful actions;

(5)     that Plaintiff recover three (3) times Defendants' profits made as a result of Defendants' wrongful actions or three (3) times Plaintiff's damages, whichever is greater;

(6)     that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants be deemed liable for, and ordered to reimburse Plaintiff for its reasonable attorneys' fees;

(7)     that Plaintiff be awarded exemplary damages for Defendants' willful and intentional acts;

(8)     that Plaintiff recover its costs of court;

(9)     that Plaintiff recover such further relief to which it may be entitled; and

(10)     that the USPTO be directed to refuse registration to the CEL Applications and the

SCANLON Application.


Dated:  October 19, 2016                    NSCO LLC


                                 By:        /s/ Stephen M. Faraci, Sr.
                                                Of Counsel

Stephen M. Faraci, Sr. (VSB No. 42748)
Edward T. White (VSB No. 46498)
Janet W. Cho (VSB No. 74758)
LeClairRyan, A Professional Corporation
919 East Main Street, Twenty-Fourth Floor
Richmond, Virginia  23219

Telephone: (804) 545-1516
Facsimile:  (804) 545-2556
E-mail: stephen.faraci@leclairryan.com

Telephone: (804) 916-7160
Facsimile:  (804) 916-7270
E-mail: edward.white@leclairryan.com


Telephone: (804) 916-7161
Facsimile:  (804) 916-7271
E-mail: janet.cho@leclairryan.com

*Attorneys for Plaintiff, NSCO LLC*

## CERTIFICATE OF SERVICE

I hereby certify that that pursuant to CFR 2.101(b), a true and correct copy of the

foregoing COMPLAINT has been properly served via first class mail on Opposer's Attorney of

Record, this 19th day of October, 2016, at the following address:

> MITCH MILSTEIN
> AUCTUS LAW PARTNERS
> 425 30TH STREET
> SUITE 14
> NEWPORT BEACH, CALIFORNIA 92663
> mmilstein@auctuslaw.com

_____/s/ Stephen M. Faraci, Sr._____